The People of the State of New York ex rel. Edward Schlecter, Relator, against John F. Foster, as Warden of Auburn State Prison, Defendant.

Supreme Court, Special Term, Cayuga County, October 7, 1947.

*Edward Schlecter,* relator in person.

*Nathaniel L. Goldstein, Attorney-General (Wm. S. Elder, Jr.,* of counsel), for defendant.

Warner, J. The relator was convicted in the County Court of Westchester County of the felony of possessing burglar's tools and was thereafter duly arraigned upon an information pursuant to section 1943 of the Penal Law, charging him with having been thrice previously convicted of felonies within the meaning of section 1942 of the Penal Law. He admitted to being the same person named in the information and thereafter was sentenced on December 9, 1940, to State's prison to a term of from fifteen years to life.

It appears that relator herein was duly convicted of the crime of attempted grand larceny on May 11, 1917, in Bronx County Court and sentenced to the New York County Penitentiary at

Blackwell's Island for an indefinite term; that he was convicted of the crime of burglary in the third degree on April 10, 1919, in the Bronx County Court, and sentenced to State's prison for five years; and that he was convicted of the crime of burglary in the third degree on December 27, 1923, in the Court of General Sessions, County of New York, and sentenced to State's prison for three years.

It appears, further, that the indictment, under which the last above-mentioned conviction was had, charged relator herein with the commission of the crime of burglary, in the third degree, as a second offense, and that defendant (relator) pleaded guilty thereto '' as a first offense.''

Relator now attacks the legality of the sentence which he received on December 9, 1940, on the ground that he was then improperly sentenced as a fourth felony offender inasmuch as his conviction on his third felony was that of a first offender.

He submits that the plea entered by him on December 27, 1923, was a compromise plea and was made as the result of an arrangement between the district attorney and relator for a first offender conviction and that the State may not be heard now to repudiate such arrangement. He submits, further, that the compromise plea entered as aforesaid placed a final and binding seal upon the case as to all matters charged in the indictment and that such seal may not be broken without violating the petitioner's constitutional right against a second jeopardy and that the effect of the aforesaid compact was such as to forever extinguish and expunge from the records the first two felony convictions which are hereinbefore referred to. Relator cites the case of *People* v. *Simmons* (130 Misc. 821) in support of his position.

The court is not persuaded that the decision made in the aforesaid case is controlling here. The case at bar differs from the *Simmons* case (*supra*). Relator, Schlecter, did not enter into any compact with the State at the time of his conviction in Westchester County in 1940. Moreover, he was fully remunerated for his plea of guilty as a first offender in 1923 since the punishment meted out to him at that time was only as though he was a first offender when in fact the crime for which he was being punished was, in reality, his third felony conviction. He may not now, after conviction for commission of a subsequent felony, invoke the aforesaid compact agreement as a bar to punishment as a fourth felony offender within the meaning of section 1942 of the Penal Law.

It is held in *People ex rel. Prisament* v. *Brophy* (287 N. Y. 132) that a pardon has no bearing on the sentence of one who is a multiple felony offender. By analogy this court concludes that the action of the court with respect to Schlecter's case in 1923 has no bearing on his status in 1940 as a fourth felony offender. The record of the previous felony convictions of the relator is not thereby obliterated.

Writ dismissed.