## PEOPLE V STEWART

1. DRUGS AND NARCOTICS—POSSESSION—SALE—ELEMENTS OF CRIME.

   Possession and sale of narcotics, while having common elements in certain cases, are nonetheless separate crimes.

2. DRUGS AND NARCOTICS—CONSTITUTIONAL LAW—DOUBLE JEOPARDY.

   No double jeopardy problem arises where the charges of possession and sale of narcotics are joined in one criminal prosecution.

3. CRIMINAL LAW — EVIDENCE — ADMISSIBILITY — STATEMENTS — CODEFENDANT.

   Admissions and statements of a codefendant are admissible against another defendant even in the absence of a charge of conspiracy, provided there is sufficient independent evidence of a concert of action between the defendants.

Appeal from Recorder's Court of Detroit, Henry Heading, J. Submitted Division 1 January 9, 1973, at Detroit. (Docket No. 12243.) Decided April 24, 1973. Leave to appeal applied for.

Howard Stewart was convicted of sale and possession of heroin. Defendant appeals. Affirmed with sentence modified.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES

[1] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 37, 40, 48.
[2] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 27, 37, 40, 48.
[3] 21 Am Jur 2d, Criminal Law § 118.

*Martin I. Reisig,* Assistant State Appellate Defender, for the defendant.

Before: J. H. GILLIS, P. J., and BASHARA and O'HARA,* JJ.

J. H. GILLIS, P. J. Defendant was convicted on March 8, 1971, of sale and possession of heroin in violation of MCLA 335.152; MSA 18.1122, and MCLA 335.153; MSA 18.1123. He was sentenced to 20–25 years and 7-1/2 to 10 years respectively. He appeals his conviction as a matter of right.

A civilian undercover narcotics agent working for the Detroit police arranged a job interview with defendant at his restaurant. After she was searched, escorted to the location, and given marked money, the agent approached defendant on the street. Defendant asked her to wait inside. Upon his entry, they conversed about her desire for employment. She told defendant she could start work as soon as she "got her head together". She explained she was trying to support a narcotics habit. When the matter of her supposed habit was discussed, defendant asked her if she could "settle for" heroin. In response to defendant's question, she stated she was able to spend $20 for such a purchase. The conversation ended and defendant left his restaurant. A man known as "Junior", an unnamed codefendant, also charged but never apprehended, then engaged the agent in conversation for 10 to 15 minutes. They discussed the agent's supposed narcotics habit. Defendant reentered the restaurant, and called "Junior" to the back room. The agent stated she could see "Junior's" back but lacked any view of defendant. She had no information as to their conversation

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

nor did she see anything change hands. On "Junior's" reentry into the eating area, the following conversation transpired:

"*Q.* * * * When Junior came out, did you have any conversation with him?

"*A.* Yes. He came and he sat next to me at the counter, and he says, 'Do you have any money for me?' And I said, 'What?' He said, 'Do you have any money for me?' And he said, 'Twenty dollars.'. And I said, 'Yeah.'

"*Q.* He said twenty dollars?

"*A.* Yes.

"*Q.* Okay.·

"*A.* And he says, 'Well, don't put it on top of the counter, slip it up under the counter so no one will see you.' When I handed him the twenty dollars he handed me a small tinfoil packet about the size of a stamp, and I looked at it, and I says, 'Was this all I'm going to get for twenty dollars?' And he says, 'Yeah, because Howard sells them real mellow P.' "[1]

The agent then left the restaurant and gave the packet to police.

Defendant asserts his convictions for sale and possession of heroin, which arose out of the same transaction violated constitutional protections against double jeopardy. We disagree.

While possession and sale of narcotics may have common elements in some cases, they are nonetheless separate crimes. See *Albrecht v United States,* 273 US 1; 47 S Ct 250; 71 L Ed 505 (1927). See also *People v Harper,* 365 Mich 494 (1962). When both charges are joined in one criminal prosecution, as in the case at bar, no double jeopardy problems arise. See *People v White,* 41 Mich App 370 (1972).

Defendant contends the admission of the conversation between the agent and the unnamed co-

---

[1] A colloquial reference to relatively pure heroin, in this context.

defendant "Junior", cited above, was error. We disagree.

It is well settled that admissions and statements of a codefendant are admissible against another defendant even in the absence of a charge of conspiracy, provided there is sufficient independent evidence of a concert of action between the defendants. *Fuentes v United States,* 283 F2d 537 (CA 9, 1960). Thus, *Bruton v United States,* 391 US 123; 88 S Ct 1620; 20 L Ed 2d 476 (1968), where the admission of a codefendant's in-custody confession was held error, is distinguishable. In such a case, any common plan or scheme to commit a crime is terminated when a codefendant is taken into custody. See *Kay v United States,* 421 F2d 1007 (CA 9, 1970).

Here, there is evidence, aliunde, of a conspiracy to sell heroin.[2] "Junior" knew the selling price. He knew who the supposed purchaser was and what she wanted to buy. Since the agent had given only defendant that information, it is reasonable to conclude defendant and "Junior" combined to make the illicit sale. We find no error in the admission of the conversation between the agent and "Junior".[3]

Defendant was sentenced to prison for 20 to 25 years on his conviction for selling heroin. He was sentenced to a prison term of 7-1/2 to 10 years for possession of heroin. In light of the dispositions in *People v Osteen,* 46 Mich App 409 (1973); *People v*

---

[2] *See People v Batten,* 9 Mich App 195 (1967), which states such a requirement must be established before a codefendant's statement, made during the commission of a crime, becomes admissible.

[3] Although not expressly raised on appeal, the connection between defendant and "Junior" also establishes defendant as an aider and abettor in the possession of heroin. *State v Faircloth,* 181 Neb 333; 148 NW2d 187 (1967); *see also United States v Bonds,* 435 F2d 164 (CA 9, 1970); *United States v Bethea,* 442 F2d 790 (CA DC 1971); *Kirtley v State,* 245 So 2d 282 (Fla App 1971).

*Stedman,* 41 Mich App 393 (1972); and *People v Ford,* 389 Mich 751 (1972), we decline to modify the sentence imposed for sale of heroin. In light of *People v Tanner,* 387 Mich 683 (1972), and GCR 1963, 820.1(7), we order the minimum sentence imposed for possession of heroin reduced to 6 years, 8 months.

Defendant's remaining assignments of error are without merit.

Affirmed.

All concurred.